1    **WO**

2

3

4

5

6

7

8

9                    IN THE UNITED STATES DISTRICT COURT

10                      FOR THE DISTRICT OF ARIZONA

11

12   Michelle Montgomery Flunder,            No. 12-CV-01668-PHX-JAT

             Plaintiff,
13
                                             **ORDER**
     v.
14
     People First Rehabilitation, subsidiary
15   of Kindred Rehabilitation Services Inc.,

16              Defendant.

17

18         Pending before the Court is Defendant's Motion to Dismiss Plaintiff's Amended

19   Complaint (Doc. 13).  Plaintiff has filed a Response to the motion to dismiss and a Motion

20   for Leave to File a Second Amended Complaint (Doc. 16).  Defendant has filed a Reply

21   opposing Plaintiff's motion (Doc. 17).  The Court will deny Defendant's motion and grant

22   Plaintiff's motion for the following reasons.

23   **I.      BACKGROUND**

24         On August 6, 2012, Plaintiff filed a complaint in this Court as a *pro se* litigant

25   alleging three counts of racial discrimination against her former employer—Defendant

26   People First Rehabilitation ("People First").  (Doc. 1).  On August 10, 2012, the Court

27   entered an Order directing Plaintiff to complete and return the service packet to the Clerk

28   of the Court by September 10th.  (Doc. 6).  Plaintiff failed to complete and return the

1  service packet within the requisite time period.  On September 24, 2012, the Court entered
2  an Order directing Plaintiff to appear in person before the Court on October 17, 2012, and
3  show cause why this case should not be dismissed due to Plaintiff's failure to return the
4  service packet as required.  (Doc. 7).  On October 11, 2012, Plaintiff filed a first amended
5  complaint (the "Amended Complaint") alleging three counts of racial discrimination and
6  one count of hostile work environment against People First.  (Doc. 8).  At the hearing on
7  October 17, 2012, Plaintiff represented to the Court that she forwarded the service packet
8  for the Amended Complaint on the day she filed the Amended Complaint, October 11th.
9  (Doc. 10).  Following the hearing, the Court granted an extension allowing an extension of
10  service.  (*Id*.).  On November 11, 2012, Plaintiff gave notice to the Court that she had
11  retained counsel to represent her.  (Doc. 11).  Plaintiff's counsel did not draft the
12  Amended Complaint.  Defendant filed the pending motion to dismiss the Amended
13  Complaint on December 14, 2012.  (Doc. 13).  Plaintiff's counsel filed the pending motion
14  to file a Second Amended Complaint on January 14, 2013.  (Doc. 16).

15      In the Amended Complaint, Plaintiff alleges four claims against People First.
16  (Doc. 8).  Counts One and Two are alleged violations of Title VII of the Civil Rights Act
17  of 1964, as amended 42 U.S.C. § 2000, et seq. ("Title VII"), and Counts Three and Four
18  are alleged violations of 42 U.S.C. § 1981.  (*Id*. at 17-20).

19      Defendant argues that Plaintiff's Amended Complaint should be dismissed with
20  prejudice because it does not meet the requirements of Federal Rule of Civil Procedure 8
21  as it fails to give a "short and plain statement of the claim showing that the pleader is
22  entitled to relief."  (Doc. 13 at 3) (quoting Fed. R. Civ. P. 8(a)(2)).  Defendant explains
23  that the facts alleged in the Amended Complaint span 14 pages and close to 60 numbered
24  paragraphs that are largely narratives of irrelevant background facts, which Plaintiff has
25  not tied to the specific claims she made.  (*Id*. at 4-7).  Plaintiff has merely incorporated by
26  reference all of the preceding paragraphs in each claim she made against Defendant.
27  Defendant argues that it should not be required to scour the Amended Complaint to
28  discern what facts relate to each claim.  (*Id*. at 7).

1    In the Response, Plaintiff has not addressed the merits of Defendant's argument in
2    the motion to dismiss.  Instead, Plaintiff has merely requested that in order to resolve
3    Defendant's objections the Court grant leave to file a Second Amended Complaint
4    because the preceding two complaints were filed *pro se*.  Plaintiff argues that she is
5    entitled to the request because the Ninth Circuit Court of Appeals has said that motions to
6    amend should be freely granted with "extreme liberality."  (Doc. 16 at 1-2) (citing *Owens
7    v. Kaiser Foundation Health Plan*, Inc., 244 F.3d 708, 712 (9th Cir. 2001)).

8    **II.    ANALYSIS**

9    A district court's denial of leave to amend is subject to an abuse of discretion
10   standard of review. *See Telesaursus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir.
11   2010).  The Court has "an obligation where the petitioner is *pro se*, particularly in civil
12   rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of
13   any doubt." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quoting *Bretz v.
14   Kelman*, 773 F.2d 1026, 1027 n. 1 (9th Cir. 1985) (en banc)).  "A district court should not
15   dismiss a *pro se* complaint without leave to amend unless 'it is absolutely clear that the
16   deficiencies of the complaint could not be cured by amendment.'"  *Id*. (quoting *Schucker
17   v. Rockwood*, 846 F.2d 1202, 1203–04 (9th Cir. 1988) (per curiam)).

18   Under Ninth Circuit Court of Appeals precedent prior to the 2010 amendments to
19   the Federal Rules of Civil Procedure, this Court would *sua sponte* grant leave to amend
20   when granting a motion to dismiss under Rule 12(b)(6), unless a pleading could not be
21   cured by the allegation of other facts.  *See Lacey v. Maricopa Cnty*., 693 F.3d 896, 927
22   (9th Cir. 2012) (en banc) (citing *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).
23   However, this precedent has been called into question in light of the 2010 changes to the
24   Federal Rule of Civil Procedure 15, which now allows parties twenty-one days from
25   responsive pleadings and motions to dismiss to amend once as a matter of course.  *See id.*
26   The United States Supreme Court has established that motions to amend should be granted
27   unless the district court determines that there has been a showing of:  (1) undue delay; (2)
28   bad faith or dilatory motives on the part of the movant; (3) repeated failure to cure

deficiencies by previous amendments; (4) undue prejudice to the opposing party; or (5) futility of the proposed amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see W. Shoshone Nat'l Council v. Molini*, 951 F.2d 200, 204 (9th Cir. 1991). "Generally, this determination should be performed with all inferences in favor of granting the motion" to amend. *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999) (citing *DCD Programs, LTD. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987)). Significantly, "[t]he party opposing amendment bears the burden of showing prejudice," futility, or one of the other permissible reasons for denying a motion to amend. *DCD Programs*, 833 F.2d at 187; *see Richardson v. United States*, 841 F.2d 993, 999 (9th Cir. 1988) (stating that leave to amend should be freely given unless opposing party makes "an affirmative showing of either prejudice or bad faith").

Local Rule of Civil Procedure 15.1 provides that a "party who moves for leave to amend a pleading . . . *must* attach a copy of the proposed amended pleading as an exhibit to the motion . . . , which *must* indicate in what respect it differs from the pleading which it amends . . . ." LRCiv 15.1 (emphasis added). This requirement enables the Court to determine whether allowing amendment of Plaintiff's claims would be futile. *See Sheriff v. Deutsche Bank Nat. Trust Co*., CV-10-1328-PHX-JAT, 2011 WL 1496152, at *4 (D. Ariz. Apr. 20, 2011).

In this case, neither party has met their burden. Defendant has not shown how the deficiencies of the Amended Complaint could not be cured by amendment. Defendant merely argues that Plaintiff's Amended Complaint does not comply with Rule 8 and that Plaintiff's counsel has failed to comply with Local Rule 15.1. (Doc. 17 at 2). Indeed, Plaintiff's counsel did fail to abide by Local Rule 15.1 and attach a copy of the proposed amended pleading as an exhibit to Plaintiff's motion to amend. Because Plaintiff did not attach a proposed Second Amended Complaint, Defendant cannot show and the Court cannot determine whether amendment of Plaintiff's claims would be futile.

Defendant has not shown the four other factors as well. There has been no showing made that granting Plaintiff's motion would cause undue delay, that Plaintiff has

1  acted in bad faith or with dilatory motives, or that Plaintiff has repeatedly failed to cure
2  deficiencies by previous amendments.  The Court also notes that Defendant will not be
3  subjected to undue prejudice by granting Plaintiff's motion because the first two
4  complaints were filed *pro se* and the Amended Complaint was filed before any
5  meaningful defense was raised to the original complaint.  Further, while acting *pro se*,
6  Plaintiff filed an amended complaint which forfeited Plaintiff's counsel's opportunity to
7  file an amended complaint as a matter of course under Federal Rule of Civil Procedure 15.
8  Even though Plaintiff eventually retained counsel, Plaintiff has still essentially functioned
9  as a *pro se* litigant up to this point and should not be treated more strictly at this juncture
10  merely because she has retained counsel and before she receives substantive assistance
11  from that representation.  The Ninth Circuit Court of Appeals has directed the Court to
12  grant *pro se* litigants leave to amend with extreme liberality, especially in civil rights
13  claims.  *Eldridge v. Block*, 832 F.2d 1132, 1135 (9th Cir. 1987).  Accordingly, the Court
14  grants Plaintiff's motion to amend.

15  However, the Court reminds Plaintiff's counsel that the Local Rules of Civil
16  Procedure are to be followed.  The Court has discretion to award attorney's fees to a
17  prevailing defendant in a Title VII case.  *E.E.O.C. v. Bruno's Rest.*, 13 F.3d 285, 287 (9th
18  Cir. 1993) (quoting *Christianburg Garment Co. v. EEOC*, 434 U.S. 412 (1978) ("[A]
19  district court may in its discretion award attorney's fees to a prevailing defendant in a Title
20  VII case upon a finding that the plaintiff's action was frivolous, unreasonable, or without
21  foundation, even though not brought in subjective bad faith.")).  While the Ninth Circuit
22  has indeed granted leave to amend with extreme liberality, the extremely liberal policy in
23  favor of amendments is subject to limitations.  As explained above, the district court will
24  not grant further motions to amend if the Court determines that there has been a showing
25  of:  (1) undue delay; (2) bad faith or dilatory motives on the part of the movant; (3)
26  repeated failure to cure deficiencies by previous amendments; (4) undue prejudice to the
27  opposing party; or (5) futility of the proposed amendment.  *Foman*, 371 U.S. at 182.  In
28  addition, the Court's discretion to deny further leave to amend is "particularly broad

1    where plaintiff has previously amended the complaint." *Ascon Properties, Inc. v. Mobil*
2    *Oil Co*., 866 F.2d 1149, 1160 (9th Cir. 1989).  In fact, leave to amend "need not be given
3    if a complaint, as amended, is subject to dismissal."  *Moore v. Kayport Package Exp.,*
4    *Inc*., 885 F.2d 531, 538 (9th Cir. 1989).

5    **III.    CONCLUSION**

6        Based on the foregoing,

7        **IT IS ORDERED** that Defendant's Motion to Dismiss (Doc. 13) is denied as
8    moot without prejudice.

9        **IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File a Second
10   Amended Complaint (Doc. 16) is granted.  Plaintiff may file a second amended complaint
11   within twenty-one (21) days from the date of this order; if Plaintiff fails to file a second
12   amended complaint within this deadline, then Defendant may re-file the Motion to
13   Dismiss that the Court has denied without prejudice within twenty-five (25) days from the
14   date of this order.

15       Dated this 27th day of August, 2013.

James A. Teilborg
Senior United States District Judge